**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ASHLEY HUTCHINSON-HARPER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1271** |
| **JEFFERSON PARISH SCHOOL BOARD, ET AL.** | **SECTION: "P" (4)** |

**ORDER AND REASONS**

Before the Court is the Motion for Leave to File Motion for Summary Judgment filed by Defendant, Jefferson Parish School Board (the "School Board").[1] Plaintiffs, Ashley Hutchinson-Harper and Terry Harper, on behalf of their minor child, J.H., oppose the motion.[2] Having carefully considered the motion, the parties' briefing, the record, and the applicable law, the Court **DENIES** the motion for the following reasons.

## I. FACTUAL BACKGROUND

This civil action arises out of the May 13, 2021 arrest of J.H., then a ten-year-old student with disabilities, at C.T. Janet Elementary School in Jefferson Parish.[3] Plaintiffs allege that school administrators called 911 after J.H. struck the principal and threw a trash can at a window, and that the responding Jefferson Parish Sheriff's Office deputies restrained, handcuffed, and arrested him.[4] Plaintiffs asserted claims against the School Board and Defendant Sheriff Joseph P. Lopinto, III, in his official capacity as Sheriff of Jefferson Parish ("Lopinto"), under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Article I, Section 12

[1] R. Doc. 167.
[2] R. Doc. 179.
[3] R. Doc. 22 at ¶¶ 2, 21, 25; R. Doc. 144 at 1.
[4] R. Doc. 22 at ¶¶ 5–8, 95–103.

of the Louisiana Constitution, along with claims for intentional and negligent infliction of emotional distress.[5]

This case was originally assigned to Judge Greg Guidry, whose initial Scheduling Order, entered on September 28, 2022, set trial for April 17, 2023, required that all discovery be completed by February 13, 2023, and required that all pretrial motions be filed in time to permit a hearing by March 1, 2023.[6] On December 27, 2022, following a joint motion by all parties to continue the trial and a second scheduling conference, Judge Guidry entered a new Scheduling Order extending those deadlines. It required that "[d]epositions for trial use shall be taken and all discovery shall be completed no later than" August 28, 2023, and that "[a]ll pretrial motions . . . shall be filed and served in sufficient time to permit hearing thereon no later than" September 13, 2023, and it set trial for October 30, 2023.[7] It warned that "[m]otions filed in violation of this order will not be considered unless good cause is shown."[8] Counsel for the School Board and Lopinto participated in both scheduling conferences.[9] In August 2023, before the September 13, 2023 deadline, Lopinto moved for partial summary judgment;[10] the School Board did not.

This action was transferred to the undersigned on June 9, 2023.[11] On October 25, 2023, following a scheduling conference in which counsel for all parties participated, the Court entered an Amended Scheduling Order setting a final pretrial conference for October 9, 2024 and a jury trial for October 21, 2024.[12] Importantly, that order did not reset the deadline for dispositive motions, which had expired on September 13, 2023. It provided that "[d]eadlines, cut-off dates, or

---

[5] R. Doc. 22 at ¶¶ 153–205.
[6] R. Doc. 31 at 1–2, 5.
[7] R. Doc. 37 at 1–2, 4.
[8] R. Doc. 37 at 1.
[9] R. Doc. 31 at 1; R. Doc. 37 at 1; *see* R. Doc. 100 at 1 (identifying counsel for the School Board and Lopinto).
[10] R. Doc. 47.
[11] R. Doc. 42.
[12] R. Doc. 85 at 1.

other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause."[13]

On September 4, 2024, the Court held a status conference in which counsel for all parties participated, and at which the Court and the parties discussed a pending motion by the Tulane Law Clinic to withdraw as counsel for Plaintiffs. To accommodate Plaintiffs' request for additional time to enroll local counsel, and given the Court's congested docket, the Court continued the October 21, 2024 trial without date.[14] The Court informed the parties that "all lapsed deadlines will remain lapsed," and, upon notice that one or more parties might attempt to file motions out of time, advised that "they would need to seek leave to do so." The Court also ordered that "[t]he only deadlines to be reset are those that have not yet lapsed."[15]

On January 8, 2025, on the parties' stipulation, the Court set a briefing schedule for Plaintiffs' anticipated motion to reopen discovery,[16] and on January 21, 2025, Plaintiffs moved to reopen discovery "for the limited purpose of obtaining fulsome discovery responses from both Defendants to previously served interrogatories and requests for production of documents, and to obtain expert testimony."[17] The School Board and Lopinto both opposed the motion.[18] On May 30, 2025, all parties jointly requested a status conference regarding that motion and Lopinto's pending motion for summary judgment.[19] Three days later, the Court set a status conference for June 16, 2025.[20] At that conference, with counsel for all parties participating, the Court denied the motion to reopen discovery and directed the Court's Case Manager to set a scheduling conference

---

[13] R. Doc. 85 at 2.
[14] R. Doc. 100 at 1.
[15] R. Doc. 100 at 1–2.
[16] R. Doc. 118 (adopting R. Doc. 117).
[17] R. Doc. 119 at 1.
[18] R. Doc. 123; R. Doc. 124.
[19] R. Doc. 130 at 2.
[20] R. Doc. 131.

to select dates for the pretrial conference and trial.[21] The Court reasoned that because the incident had occurred more than four years earlier, and because Plaintiffs had opposed Lopinto's motion for summary judgment with a 42-page memorandum and hundreds of pages of exhibits without contending that they needed additional discovery under Rule 56, "to reopen discovery in this case would unfairly prejudice the defendants."[22] The Court further ordered that "[a]ll lapsed deadlines remain lapsed."[23] In the same order, the Court denied without prejudice Plaintiffs' motion in limine to exclude or limit J.H.'s testimony at trial, reserving Plaintiffs' right to re-urge the motion at the close of their case-in-chief if they chose not to call J.H. as a witness.[24]

On July 15, 2025, the School Board and Lopinto jointly moved for reconsideration of the June 16, 2025 order.[25] Their request was plainly stated: "Defendants request only that the Court alter and amend its judgment to (1) require the Plaintiffs to indicate whether they intend to call J.H. as a witness in advance of trial, and (2) allow the Defendants to depose J.H. prior to trial if they do so intend."[26] That same day, following a scheduling conference attended by counsel for all parties, the Court entered a second Amended Scheduling Order (the "Amended Scheduling Order") setting a final pretrial conference for October 21, 2026 and an eight-day jury trial beginning November 2, 2026.[27] The Amended Scheduling Order likewise did not reset the deadline for dispositive motions, and it provided that "[d]eadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local

[21] R. Doc. 134 at 1–2 (denying R. Doc. 119).
[22] R. Doc. 134 at 2.
[23] R. Doc. 134 at 1.
[24] R. Doc. 134 at 1–2 (denying R. Doc. 53 without prejudice).
[25] R. Doc. 136.
[26] R. Doc. 136-1 at 1.
[27] R. Doc. 137 at 1.

Rules and upon a showing of good cause," and that "[c]ontinuances will not be granted, except for good cause."[28]

On June 17, 2026, the Court granted in part and denied in part Lopinto's motion for partial summary judgment, dismissing with prejudice Plaintiffs' claims against Lopinto under the ADA, the Rehabilitation Act, and the Louisiana Constitution.[29] The Court denied the motion as to Plaintiffs' claim for negligent infliction of emotional distress.[30] The Court noted that Lopinto had not moved for summary judgment on Plaintiffs' claim for intentional infliction of emotional distress, which Lopinto incorrectly contended had not been alleged, and the Court made clear that the claim of intentional infliction of emotional distress remains a triable issue against Lopinto.[31]

On July 1, 2026, the Court ordered Plaintiffs to state whether they intended to call J.H. as a witness at trial and, if so, to identify any restrictions or protections they believed should govern his deposition.[32] Plaintiffs thereafter advised that they intended to call J.H., and on July 27, 2026, the Court granted Defendants' motion for reconsideration.[33] The Court stated that "[b]ecause Plaintiffs intend to call J.H. as a witness at trial, the Court will allow Defendants to depose J.H. in advance of trial."[34] The order set out a number of safeguards for the deposition, some agreed to by the parties and others resolved by the Court, including confidentiality, the manner of examination, the frequency and length of breaks, the deposition's location, scheduling, recording, duration, and the scope of examination.[35] With respect to the scope of the examination, the Court specifically ordered that the examination would "be governed by Federal Rule of Civil Procedure 26(b)(1),"

---

[28] R. Doc. 137 at 1.
[29] R. Doc. 144.
[30] R. Doc. 144 at 12–14.
[31] R. Doc. 144 at 14.
[32] R. Doc. 147 at 1.
[33] R. Doc. 150 at 1.
[34] R. Doc. 150 at 1.
[35] R. Doc. 150 at 1–3.

so that Defendants could explore any claim or defense and would have a fair opportunity to cross-examine J.H. if Plaintiffs were to call him at trial.[36] The order did not, however, alter any deadline in the Amended Scheduling Order.[37] J.H. would ultimately be deposed on September 24, 2026.[38]

On September 9, 2026, the Court held a telephone status conference with counsel for all parties to discuss the upcoming pretrial conference and trial, and it directed the parties to schedule a settlement conference and to determine whether the assigned Magistrate Judge would be available on the dates selected for J.H.'s deposition.[39] While the Court reset the deadline for motions in limine, ordering that "[a]ll motions in limine must be filed on or before October 2, 2026, with a submission date of October 21, 2026," the Court did not reset the deadline for dispositive motions.[40]

On October 2, 2026, the Court granted Lopinto leave to file a motion for summary judgment regarding Plaintiffs' state-law claim for intentional infliction of emotional distress and for reconsideration of the Court's ruling on Plaintiffs' state-law claim for negligent infliction of emotional distress, but the Court did not decide the timeliness of Lopinto's motion, instead ordering that "any response by Plaintiffs to Defendant Lopinto's arguments regarding the timeliness of his motion under Rule 16(b)(4) shall be included in Plaintiff[s'] memorandum in opposition to the Motion for Summary Judgment and for Reconsideration."[41] The Court will address Lopinto's motion in a separate order. That same day, the School Board filed the present motion for leave to file its own motion for summary judgment.[42]

---

[36] R. Doc. 150 at 1, 3; *see* R. Doc. 147 at 1 (inviting Plaintiffs to identify any restrictions they believed should govern a deposition of J.H.).
[37] R. Doc. 150 at 1–3.
[38] R. Doc. 161 at 5; R. Doc. 167 at 4.
[39] R. Doc. 158 at 1.
[40] R. Doc. 158 at 1–2.
[41] R. Doc. 164 at 1 (granting R. Doc. 161, which was filed on September 30, 2026).
[42] R. Doc. 167.

## II. THE PRESENT MOTION

The School Board contends that the issues presented in its proposed motion "became ripe days ago after the deposition of Plaintiff, J.H., was taken," and that "J.H.'s testimony and that of Ashley [Hutchinson-]Harper should dispose of all of the claims herein against the JPSB."[43] The School Board, against which all of Plaintiffs' claims remain pending, further contends that it was not until it deposed J.H. on September 24, 2026 and could review the 199-page transcript that it was in a meaningful position to present a motion for summary judgment.[44] The only reason the School Board offers for why J.H.'s testimony was needed concerns Plaintiffs' claim for negligent infliction of emotional distress: it argues that the claim is "fact intensive" and that, because expert testimony and medical records are no longer essential to prove such a claim under Louisiana law, "the testimony of J.H. was needed to defend the claim."[45] The School Board asserts that granting leave would not prejudice Plaintiffs or unduly inconvenience the Court, and that "the parties, the court, and the interests of judicial economy and justice itself can only stand to be prejudiced were this Motion to be denied."[46]

Plaintiffs oppose the motion. They argue principally that the Court denied their own request to reopen discovery because doing so would prejudice Defendants, and that permitting the School Board to file an untimely dispositive motion based on discovery taken after that ruling would be unfairly prejudicial to them.[47] They also argue that the School Board offers no explanation for its failure to move before the deadline, because the evidence on which its proposed motion principally

---

[43] R. Doc. 167 at 2, 5.
[44] R. Doc. 167-4 at 2.
[45] R. Doc. 167 at 5.
[46] R. Doc. 167 at 5.
[47] R. Doc. 179 at 2–3, 9–10.

relies, apart from J.H.'s testimony, was available to it before the deadline, and that the proposed motion would be futile.[48]

## III. LAW AND ANALYSIS

### A. Legal Standard

A scheduling order "may be modified only for good cause and with the judge's consent."[49] The Amended Scheduling Order likewise permits deadlines to be extended only "upon timely motion filed in compliance with Local Rules and upon a showing of good cause."[50] The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[51] The Court considers four factors: "(1) the explanation of the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice."[52] The same standard governs a request to file a dispositive motion after the deadline has passed.[53] Resetting trial and pretrial dates does not revive deadlines

---

[48] R. Doc. 179 at 5–9, 11–12.
[49] FED. R. CIV. P. 16(b)(4).
[50] R. Doc. 137 at 1.
[51] *Diodene v. Gusman*, No. 21-491, 2024 WL 1550369, at *2 (E.D. La. Mar. 20, 2024) (internal quotation marks and citation omitted); *accord Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).
[52] *Diodene*, 2024 WL 1550369, at *2 (citation omitted); *accord Doe v. Adm'rs of Tulane Educ. Fund*, No. 23-1348, 2025 WL 1906682, at *1 (E.D. La. July 10, 2025); *Williams v. United States*, No. 22-3826, 2024 WL 2977927, at *1 (E.D. La. June 12, 2024); *see also Squyres*, 782 F.3d at 237; *S&W Enters.*, 315 F.3d at 535–36.
[53] *See Williams*, 2024 WL 2977927, at *1 (applying these factors to a motion to reopen the dispositive-motion deadline). Because the School Board sought relief after the deadline had expired, Federal Rule of Civil Procedure 6(b)(1)(B) arguably also requires it to show that it "failed to act because of excusable neglect." The Court need not decide whether Rule 6(b)(1)(B) applies in addition to Rule 16(b)(4), because the result would be the same. Under the excusable-neglect inquiry, the Court considers "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court has no reason to doubt the School Board's good faith. But for the reasons explained herein, the School Board's decision not to move for summary judgment was within its control, the delay spans three years, and permitting the motion now, less than a month before trial, would prejudice Plaintiffs and disrupt the proceedings. The School Board has therefore not shown excusable neglect.

that have already expired; those deadlines may be extended only on a motion showing good cause.[54]

**B. Analysis**

The Court will analyze the competing interests at stake. A scheduling order is not a mere formality. Parties organize litigation around its deadlines, and its value depends on the certainty that those deadlines will be enforced, and enforced even-handedly. District courts therefore have "broad discretion to preserve the integrity and purpose of the pretrial order"[55] and "must have the power to control their dockets by holding litigants to a schedule."[56] At the same time, summary judgment is "not . . . a disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action,'"[57] and Rule 16 itself contemplates that the Court may act before trial to "formulat[e] and simplify[] the issues" and "eliminat[e] frivolous claims or defenses."[58] The good-cause standard reconciles these interests. A dispositive-motion deadline may yield in a rare case: for example, where the movant obtains information it could not have obtained before the deadline despite its diligence; where the motion presents a discrete legal question that can be decided without disrupting the trial date or prejudicing the opposing party; or where a party that timely sought summary judgment asks the Court to address a limited matter closely related to its timely

[54] R. Doc. 100 at 1–2 (continuing trial, informing the parties that "all lapsed deadlines will remain lapsed" and that any party seeking to file motions out of time "would need to seek leave to do so," and providing that "[t]he only deadlines to be reset are those that have not yet lapsed"); R. Doc. 134 at 1 ("All lapsed deadlines remain lapsed."); *see also Doe*, 2025 WL 1906682, at *3 & n.13 (adjusting only those deadlines "that have not yet expired" and noting that a lapsed deadline "will not be extended absent a duly filed motion showing good cause").

[55] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)).

[56] *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019).

[57] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1).

[58] FED. R. CIV. P. 16(c)(2)(A).

motion.[59] But the deadline does not yield merely because a party, long after the deadline has passed, develops evidence it believes is helpful and that it could have pursued earlier. Otherwise, parties would have every incentive to defer filing dispositive motions until the eve of trial.

**1. The Explanation for the Delay**

This factor does not turn on whether J.H.'s deposition produced testimony the School Board considers helpful, but on whether the School Board could not reasonably have met the deadline despite its diligence. The School Board contends that it could not know whether to seek summary judgment until it deposed J.H. and reviewed his testimony. J.H. is a central figure in this case, and his account of the events of May 13, 2021 may bear on some of the issues at trial. But the School Board's explanation does not account for its decision not to move for summary judgment on any claim before the deadline.

First, a party moving for summary judgment on a claim on which the nonmovant will bear the burden of proof at trial need not produce evidence negating that claim; it may satisfy its initial burden by pointing out that the record lacks sufficient evidence of an essential element.[60] The School Board therefore did not need J.H.'s testimony to test whether Plaintiffs could prove their claims against it. Lopinto moved for summary judgment in August 2023 without J.H.'s deposition and obtained dismissal of all but two of Plaintiffs' claims against him.[61]

Second, many of Plaintiffs' claims against the School Board turn on evidence that does not depend on J.H.'s recollection. Plaintiffs allege, for example, that the School Board knew of J.H.'s disabilities and that school administrators chose to call 911 rather than use de-escalation

---

[59] *See Williams*, 2024 WL 2977927, at *1 (permitting an untimely motion for summary judgment, limited to identified issues, where the information on which it was based was first disclosed in the parties' pretrial order, and the non-jury trial of the action had recently been continued).
[60] *See Celotex*, 477 U.S. at 325 (explaining that when the nonmovant will bear the burden of proof at trial, the movant can obtain summary judgment by pointing out to the district court "that there is an absence of evidence to support the nonmoving party's case").
[61] *See* R. Doc. 47; R. Doc. 144 at 14–15.

measures.[62] Evidence on those issues, including school records and the testimony of school personnel, was available to the School Board before the deadline. The same is true of the testimony of J.H.'s mother. The School Board's proposed motion rests not only on J.H.'s testimony but also on that of Ashley Hutchinson-Harper,[63] whose deposition Defendants took in January and March 2023, months before the dispositive-motion deadline.[64] The Court is, therefore, not persuaded that J.H. was the only possible source of evidence for the issues presented in the School Board's proposed summary-judgment motion and is even less convinced that the School Board could not have moved for summary judgment before J.H. was deposed.

Third, the School Board had the opportunity to depose J.H. before the deadline. Discovery in this case was open for nearly a year, and the scheduling order in effect required that "[d]epositions for trial use shall be taken and all discovery shall be completed" by August 28, 2023.[65] During that period, the School Board did not need the Court's leave to depose J.H.; it could have noticed his deposition and, if met with resistance, moved to compel it. It never sought the Court's assistance in obtaining J.H.'s deposition, and Plaintiffs did not move to exclude or limit his testimony until September 5, 2023, after discovery had closed. Defendants did not list J.H. among the depositions they had taken or intended to take in the parties' joint status reports, even though the School Board's own witness list, filed while discovery remained open, identified J.H., albeit for cross-examination or impeachment, as a witness with "information concerning the nature of his complaint, and all matters relating thereto."[66] Nor was this for want of time: the School Board joined a motion to continue the original trial date and extend discovery, representing that

---

[62] R. Doc. 22 at ¶¶ 3, 31, 159–163.
[63] R. Doc. 167 at 5.
[64] R. Doc. 40 at 11.
[65] R. Doc. 37 at 2; *see* R. Doc. 31 at 2 (original discovery deadline of February 13, 2023); R. Doc. 53 (filed September 5, 2023).
[66] R. Doc. 33 at 10–11; R. Doc. 40 at 11; R. Doc. 45 at 11.

the parties needed additional time to complete depositions, including depositions of "witnesses who will testify on behalf of the Plaintiffs," and the discovery deadline was extended by more than six months.[67] Indeed, as the dispositive-motion deadline approached and passed in September 2023, the School Board was actively litigating a subpoena for records concerning J.H. from another school, but it did not ask the Court to compel J.H.'s deposition, move for summary judgment, or ask the Court to extend the deadline.[68] Granted, until J.H.'s deposition, the School Board could not have known *precisely* what J.H. would say about the incident, causation, or his distress, and a motion filed without his testimony might have rested on a less-than-complete record. But when the School Board later sought J.H.'s deposition, its aim was to prepare to cross-examine him at trial, not to test Plaintiffs' claims through summary judgment.[69] In light of Plaintiffs' intent to call J.H., the Court permitted the deposition, as an isolated exception in a closed discovery period, so that Defendants would be prepared to cross-examine him at trial. And the Court looked to Rule 26(b)(1) only to define the scope of that single deposition, over Plaintiffs' request to narrow it, not to reopen discovery more broadly, and the Court did not modify the Amended Scheduling Order or open the door to dispositive-motion practice.[70]

Fourth, the School Board did not seek relief from the deadline when it had the opportunity to do so. Its counsel participated in each scheduling conference in this case, including those that preceded the October 25, 2023 and July 15, 2025 Amended Scheduling Orders.[71] By the time of each of those conferences, the dispositive-motion deadline had expired, and neither order reset it. Moreover, when the Court continued the trial on September 4, 2024, it advised all parties,

---

[67] R. Doc. 34 at 3; R. Doc. 37 at 2; *see* R. Doc. 31 at 2.
[68] *See* R. Doc. 95 at 2, 6 (describing the School Board's September 2023 opposition to Plaintiffs' motion to quash its subpoena to Athlos Academy, and the Magistrate Judge's March 1, 2024 ruling, R. Doc. 86).
[69] *See* R. Doc. 136; R. Doc. 147 at 1; R. Doc. 150 at 1.
[70] R. Doc. 150 at 1, 3; R. Doc. 134 at 1; *see* R. Doc. 147 at 1.
[71] R. Doc. 31 at 1; R. Doc. 37 at 1; R. Doc. 85 at 1; R. Doc. 137 at 1.

including the School Board, that lapsed deadlines would remain lapsed and that any party wishing to file a motion out of time would need to seek leave.[72] The School Board did not seek leave for more than two years. It joined the July 15, 2025 motion seeking J.H.'s deposition,[73] but it did not ask the Court to set a new dispositive-motion deadline or to permit dispositive motions following any deposition of J.H., even though the Court had ordered one month earlier that "[a]ll lapsed deadlines remain lapsed."[74] Moreover, on September 9, 2026, while J.H.'s deposition was being scheduled, the Court reset the deadline for motions in limine, and only that deadline.[75] By expressly resetting one pretrial deadline while leaving the expired dispositive-motion deadline in place, the Court left the latter closed absent further order. The Fifth Circuit has affirmed the denial of relief under Rule 16(b) where the movant had the opportunity to raise the matter well before the deadline and instead raised it late in the litigation, after the close of discovery and shortly before trial.[76]

The School Board's reliance on Louisiana law governing claims for negligent infliction of emotional distress does not supply good cause either. The School Board argues that, because expert testimony and medical records are no longer essential to prove such a claim, J.H.'s testimony was needed to defend it.[77] But the Louisiana Supreme Court decided the case on which the School Board relies on January 27, 2023,[78] seven months before discovery closed and before the dispositive-motion deadline expired. If that decision made J.H.'s testimony necessary to the School

---

[72] R. Doc. 100 at 1.
[73] R. Doc. 136.
[74] R. Doc. 134 at 1.
[75] R. Doc. 158 at 1–2.
[76] *See Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470–71 (5th Cir. 2009) (affirming denial of a motion for leave to amend that came twenty-two months after the deadline, after the close of discovery, and six weeks before trial); *Squyres*, 782 F.3d at 239 (concluding that the district court did not abuse its discretion in finding that a motion "came too late in the litigation").
[77] R. Doc. 167 at 5.
[78] *See Spencer v. Valero Refining Meraux, L.L.C.*, 356 So. 3d 936 (La. 2023).

Board's defense, the School Board knew this when it could still have deposed J.H. and could have timely moved for summary judgment.

Nor does the time Defendants' motion for reconsideration remained pending supply good cause.[79] That motion did not seek general discovery or ask the Court to revisit the dispositive-motion deadline. Having denied without prejudice Plaintiffs' motion to exclude or limit J.H.'s testimony, the Court left that issue to be decided in context if J.H. were called at trial. The School Board asserts that the Court "had ordered that J.H.'s deposition not be taken,"[80] but this is incorrect. Discovery had closed in August 2023, and the June 16, 2025 order left J.H.'s testimony to be addressed at trial; it did not address any request by Defendants to depose him.[81] Defendants sought reconsideration because they argued the Court's approach would not allow them to depose J.H. and prepare a cross-examination in advance of trial. It was for this reason that the Court required Plaintiffs to state whether they would call J.H. and allowed the deposition only after Plaintiffs said he would be called to testify.[82] Had Plaintiffs elected not to call J.H., the Court would not have allowed his deposition. Yet while the motion for reconsideration was pending, the School Board neither asked the Court to permit J.H.'s deposition for general discovery purposes, a request the Court would have almost certainly denied after the close of discovery, nor ever asserted that, although the dispositive-motion deadline had long passed, uncertainty regarding the scheduling of J.H.'s deposition might affect its ability to seek summary judgment. Indeed, nothing prevented the School Board from bringing its desire to file an untimely motion for summary judgment to the Court's attention sooner than it did. Even before the motion for reconsideration

[79] *See* R. Doc. 136 (filed July 15, 2025); R. Doc. 150 at 1 (granting the motion on July 27, 2026).
[80] R. Doc. 167 at 2–3.
[81] *See* R. Doc. 134 at 1–2.
[82] *See* R. Doc. 134 at 2; R. Doc. 147 at 1; R. Doc. 150 at 1; *see also* R. Doc. 136-1 at 1.

was filed, the School Board joined a May 2025 motion asking the Court for a status conference on the motions then pending, but it did not ask for leave to file a dispositive motion.[83]

The School Board acted promptly after J.H. was deposed on September 24, 2026, seeking leave eight days later.[84] While that diligence is to the School Board's credit, the good-cause inquiry asks whether the deadline "cannot reasonably be met despite the diligence of the party needing the extension."[85] The relevant diligence is diligence in meeting the deadline, not diligence in seeking relief long after the deadline has passed. The School Board's prompt action after the deposition does not explain the three years between the expiration of the dispositive-motion deadline in September 2023 and the deposition in September 2026, during which the School Board neither moved for summary judgment nor asked for leave to do so.

This factor weighs heavily against modifying the scheduling order.

**2. The Importance of the Relief Sought**

The School Board's motion is clearly an important one. All of Plaintiffs' claims against the School Board remain pending, and if the School Board is correct that J.H.'s testimony reveals that Plaintiffs cannot prove those claims, resolving them before trial would spare the parties and the Court the burden of trying Plaintiffs' case against the School Board. The Court takes that interest very seriously, but the importance of a dispositive motion does not, by itself, establish good cause to file it out of time; otherwise, every untimely dispositive motion would satisfy this factor. As the Fifth Circuit has explained, the importance of the relief sought "cannot singularly override the enforcement of local rules and scheduling orders."[86] This factor weighs in favor of the School Board, but it does not outweigh the other factors.

---

[83] *See* R. Doc. 130 at 1–2.
[84] R. Doc. 167 at 3–4.
[85] *Diodene*, 2024 WL 1550369, at *2 (internal quotation marks and citation omitted); *S&W Enters.*, 315 F.3d at 535.
[86] *Geiserman*, 893 F.2d at 792.

**3. Prejudice to Plaintiffs**

Allowing the School Board's motion would prejudice Plaintiffs in two respects. First, in June 2025, over the strong opposition of both the School Board and Lopinto, the Court denied Plaintiffs' request to reopen discovery, a request limited to obtaining more complete responses to written discovery already served and obtaining expert opinions. Plaintiffs' request rested principally on a change in Plaintiffs' counsel and new counsel's desire to do what prior counsel had not done. The Court rejected Plaintiffs' request, explaining that "[i]n every case, a new set of lawyers can come in and find things they might have done differently, but to reopen discovery in this case would unfairly prejudice the defendants."[87] The Court found that Plaintiffs' newly enrolled counsel would have sufficient time "to prepare for trial based on the current record."[88] The School Board urged that result, arguing that Plaintiffs' new counsel sought to redo the work of prior counsel and that the case should proceed to trial without further delay.[89] The School Board's request rests on a similar wish to do now what it chose not to do before the deadline. Permitting the School Board, which never sought summary judgment, to belatedly test every claim against it based in part on testimony obtained after that ruling, while Plaintiffs remain bound by the lapsed discovery deadline, would not treat the parties even-handedly. J.H.'s deposition occurred only because Plaintiffs, who initially sought to preclude J.H. from testifying, later advised that they would call him at trial. The Court allowed the deposition so that Defendants' trial preparation would not be prejudiced if Plaintiffs were to call J.H., not to give the School Board a complete do-over at summary judgment, particularly after the Court, at Defendants' urging, denied Plaintiffs' request to reopen discovery.

---

[87] R. Doc. 134 at 2; *see* R. Doc. 119 at 1; R. Doc. 123 (School Board's opposition); R. Doc. 124 (Lopinto's opposition).
[88] R. Doc. 134 at 2.
[89] R. Doc. 123.

Second, the timing would impose a significant burden. The final pretrial conference is set for October 21, 2026, and trial is set to begin on November 2, 2026.[90] Under the Local Rules, a motion must be filed at least fifteen days before its submission date, and an opposition, including a separate statement of contested material facts, is due eight days before that date.[91] If the School Board were granted leave now, its motion could not be submitted until after the final pretrial conference, leaving Plaintiffs to respond, and the Court to rule, in the days immediately before trial. And because the proposed motion addresses claims against the School Board that have never been tested on summary judgment, Plaintiffs would have to marshal the record on every such claim, all while preparing for trial.[92]

This factor also weighs against modifying the scheduling order.

**4. Availability of a Continuance**

A continuance could give Plaintiffs time to respond, but it would not cure the prejudice described above, and it would come at substantial cost. A continuance "does not cure the prejudice of additional expense and work" Plaintiffs would incur in responding to what amounts to a second "bite at the apple."[93] The Fifth Circuit has also recognized that a continuance "would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders,"[94] and that a district court acts within its discretion in declining a continuance that would unnecessarily delay trial.[95] The events giving rise to this lawsuit occurred more than five years ago; this case was filed in 2022; trial has already been reset three times;[96] and the current trial date

---

[90] R. Doc. 137 at 1; R. Doc. 137-1 at 1.
[91] L.R. 7.2, 7.5, 56.2.
[92] *See* R. Doc. 137 at 1; R. Doc. 137-1 at 1–3.
[93] *Diodene*, 2024 WL 1550369, at *3.
[94] *Geiserman*, 893 F.2d at 792.
[95] *See S&W Enters.*, 315 F.3d at 536.
[96] Trial was originally set to begin on April 17, 2023, and was later reset to October 30, 2023, then to October 21, 2024, and then to the current date of November 2, 2026. R. Doc. 31 at 5; R. Doc. 37 at 4; R. Doc. 85 at 1; R. Doc. 137 at 1; *see* R. Doc. 34 (joint motion to continue the April 17, 2023 trial); R. Doc. 80 (continuing the October 30, 2023

has been set for more than a year.[97] The Amended Scheduling Order permits continuances only for good cause.[98] And a continuance would undercut the main justification for the School Board's motion: avoiding the expense and delay of trial.

This factor weighs against modifying the scheduling order.

**5. Balancing the Factors**

Considering the factors together, the Court finds that the School Board has not shown good cause to modify the Amended Scheduling Order. This is not the rare case in which an expired dispositive-motion deadline should yield. The School Board's motion does not rest on information it could not have obtained before the deadline, does not present a discrete legal question, and does not seek to complete or supplement a timely motion. Instead, a party that never sought summary judgment asks, a month before trial, to test for the first time every claim against it, based largely on a deposition the Court allowed solely for trial preparation.[99] The explanation factor weighs heavily against modification, and the importance of the relief does not overcome the prejudice to Plaintiffs or the cost of a continuance.

For the same reasons, the Court rejects a narrower course. Plaintiffs ask, in the alternative, that if leave is granted, the Court hear the School Board's proposed motion together with Lopinto's motion on October 21, 2026, and permit Plaintiffs to incorporate their opposition to Lopinto's

trial "[d]ue to conflicts on the Court's calendar"); R. Doc. 100 at 1 (continuing the October 21, 2024 trial "[t]o accommodate Plaintiffs' request for additional time to enroll local counsel and given the Court's congested docket").

[97] R. Doc. 137 at 1.

[98] R. Doc. 137 at 1.

[99] The Court has, in an appropriate case, permitted a dispositive motion after the deadline. *See Williams*, 2024 WL 2977927, at *1. In *Williams*, the information the Government contended was dispositive was first disclosed in the parties' pretrial order, and the Court permitted a motion limited to the issues the Government identified, set for submission more than five months before a trial date that had recently been continued. *Williams*, 2024 WL 2977927, at *1. *Williams*, of course, is not binding, and it is factually distinguishable. Here, nothing in the record suggests that Plaintiffs withheld information the School Board needed to move for summary judgment before the deadline, or that anyone prevented the School Board from developing evidence, including J.H.'s testimony, during the discovery period. And unlike in *Williams*, the Court here previously denied the opposing party's own request to reopen discovery because doing so would prejudice the movants.

motion.[100] The Court has considered that alternative, as well as allowing a motion limited to discrete issues and decided on an expedited schedule. Neither is warranted. The School Board's proposed motion is not limited to discrete issues; it seeks judgment on all of Plaintiffs' claims against the School Board and rests on deposition testimony rather than on a purely legal question. Setting it for decision alongside Lopinto's motion, the timeliness of which remains undecided, would not supply the missing good cause, which turns on the School Board's failure to move before the deadline, and it would require Plaintiffs to respond, and the Court to rule, on claims never before tested on summary judgment in the days immediately before trial.

Finally, enforcing the deadline does not require the parties or the Court to try claims that cannot succeed. The Court's ruling on this motion is a procedural one. It most assuredly does not address whether J.H.'s testimony undermines any of Plaintiffs' claims, and it does not prevent the School Board from presenting that testimony at trial or using it on cross-examination. If the School Board is correct that Plaintiffs cannot prove their claims, the School Board can move for judgment as a matter of law once Plaintiffs have been "fully heard" at trial, on a complete record.[101] Enforcing the dispositive-motion deadline is the course the Court finds most consistent with both the integrity of the scheduling order and the just determination of this action.

**IV. CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Jefferson Parish School Board's Motion for Leave to File Motion for Summary Judgment (R. Doc. 167) is **DENIED**.

[100] R. Doc. 179 at 10, 14.

[101] FED. R. CIV. P. 50(a)(1); *see Carter ex rel. Carter v. City of Shreveport*, 144 F.4th 809, 816 (5th Cir. 2025) (affirming the district court's grant of judgment as a matter of law under Rule 50 on the plaintiff's ADA and Rehabilitation Act claim).

New Orleans, Louisiana, this 14th day of October 2026.

Darrel James Papillion

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**