**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ASHLEY HUTCHINSON-HARPER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1271** |
| **JEFFERSON PARISH SCHOOL BOARD, ET AL.** | **SECTION: "P" (4)** |

**ORDER AND REASONS**

Before the Court is the Motion for Summary Judgment and for Reconsideration filed by Defendant Sheriff Joseph P. Lopinto, III, in his official capacity as Sheriff of Jefferson Parish ("Lopinto").[1] The Court granted Lopinto leave to file the motion but left open the question of whether the motion is timely under Federal Rule of Civil Procedure 16(b)(4).[2] Plaintiffs, Ashley Hutchinson-Harper and Terry Harper, on behalf of their minor child, J.H., oppose the motion as untimely and on the merits.[3] Lopinto has filed a reply.[4] Having carefully considered the motion, the parties' briefing, the record, and the applicable law, the Court DENIES the motion for the following reasons.

## I. BACKGROUND

This civil action arises out of the May 13, 2021 arrest of J.H., then a ten-year-old student at C.T. Janet Elementary School in Jefferson Parish.[5] Plaintiffs allege school administrators called 911 after J.H. struck the principal and threw a trash can at a window, and that the responding Jefferson Parish Sheriff's Office deputies restrained, handcuffed, and arrested him.[6] Plaintiffs asserted claims against Defendant Jefferson Parish School Board (the "School Board") and

---

[1] R. Doc. 166.
[2] R. Doc. 164 at 1.
[3] R. Doc. 198-3 at 1–2.
[4] R. Doc. 216.
[5] R. Doc. 22 at ¶¶ 2, 21, 25.
[6] R. Doc. 22 at ¶¶ 5–8, 95–103.

Lopinto under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Article I, Section 12 of the Louisiana Constitution, along with claims for intentional and negligent infliction of emotional distress.[7] The operative complaint describes Plaintiffs' claim for intentional infliction of emotional distress as asserted "Against All Defendants," and it alleges, among other things, that "Defendants are vicariously liable for the actions of their employees."[8] In September 2022, Lopinto answered each paragraph of that count, denying its allegations.[9]

This case was originally assigned to Judge Greg Guidry, whose initial Scheduling Order, entered on September 28, 2022, set trial for April 17, 2023.[10] On December 27, 2022, after all parties jointly moved to continue the trial, a second scheduling conference was held, and Judge Guidry entered a new Scheduling Order that set trial for October 30, 2023. That order required that "[d]epositions for trial use shall be taken and all discovery shall be completed no later than" August 28, 2023, and that "[a]ll pretrial motions . . . shall be filed and served in sufficient time to permit hearing thereon no later than" September 13, 2023.[11] It warned that "[m]otions filed in violation of this order will not be considered unless good cause is shown."[12] Counsel for Lopinto participated in both scheduling conferences.[13]

In August 2023, before the September 13, 2023 deadline, Lopinto moved for partial summary judgment.[14] He sought dismissal of Plaintiffs' claims against him under the ADA, the Rehabilitation Act, and the Louisiana Constitution, and also sought dismissal of Plaintiffs' claim for negligent infliction of emotional distress. As to the claims for negligent infliction of emotional

[7] R. Doc. 22 at ¶¶ 153–205.
[8] R. Doc. 22 at 22 & ¶ 194; *see* R. Doc. 144 at 14.
[9] R. Doc. 28 at 28 (answering R. Doc. 22 at ¶¶ 193–198).
[10] R. Doc. 31 at 1–2, 5.
[11] R. Doc. 37 at 1–2, 4; *see* R. Doc. 34.
[12] R. Doc. 37 at 1.
[13] R. Doc. 31 at 1; R. Doc. 37 at 1.
[14] R. Doc. 47.

distress, he challenged only the element requiring "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious."[15] Lopinto did not move for summary judgment on Plaintiffs' claim for intentional infliction of emotional distress, incorrectly contending that Plaintiffs had not asserted such a claim against him.[16]

This action was transferred to the undersigned on June 9, 2023.[17] On October 25, 2023, following a scheduling conference in which counsel for all parties participated, the Court entered an Amended Scheduling Order setting a jury trial for October 21, 2024.[18] That order did not reset the deadline for dispositive motions, which had expired on September 13, 2023, and it provided that "[d]eadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause."[19] On September 4, 2024, the Court continued the October 21, 2024 trial without date. The Court informed the parties that "all lapsed deadlines will remain lapsed," advised that any party seeking to file motions out of time "would need to seek leave to do so," and ordered that "[t]he only deadlines to be reset are those that have not yet lapsed."[20]

On January 21, 2025, Plaintiffs moved to reopen discovery "for the limited purpose of obtaining fulsome discovery responses from both Defendants to previously served interrogatories and requests for production of documents, and to obtain expert testimony."[21] Lopinto and the School Board both opposed the motion.[22] On June 16, 2025, the Court denied it. The Court

---

[15] R. Doc. 144 at 12; *see also* R. Doc. 47-1 at 19.
[16] R. Doc. 144 at 14.
[17] R. Doc. 42.
[18] R. Doc. 85 at 1.
[19] R. Doc. 85 at 2.
[20] R. Doc. 100 at 1–2.
[21] R. Doc. 119 at 1.
[22] R. Doc. 123; R. Doc. 124.

reasoned that the incident had occurred more than four years earlier and that Plaintiffs had opposed Lopinto's motion for summary judgment with a 42-page memorandum and hundreds of pages of exhibits without contending that they needed additional discovery under Rule 56. It concluded that "to reopen discovery in this case would unfairly prejudice the defendants."[23] The Court further ordered that "[a]ll lapsed deadlines remain lapsed."[24] In the same order, the Court denied without prejudice Plaintiffs' motion in limine to exclude or limit J.H.'s testimony at trial, reserving Plaintiffs' right to re-urge the motion at the close of their case-in-chief if they chose not to call J.H. as a witness.[25]

On July 15, 2025, Lopinto and the School Board jointly moved for reconsideration of the June 16, 2025 order. They asked "only that the Court alter and amend its judgment to (1) require the Plaintiffs to indicate whether they intend to call J.H. as a witness in advance of trial, and (2) allow the Defendants to depose J.H. prior to trial if they do so intend."[26] Defendants later told the Court that they "only seek to depose JH if, and only if, Plaintiffs desire to call him to testify at trial" and that "if the plaintiffs' counsel does not want JH to testify, Defendants are fine with that."[27] They explained that their "only objection" was that Plaintiffs need not decide whether to call J.H. until the end of their case, that they were "by no means seeking a full reopening of discovery," and that "[a]ll the Defendants want is a timely decision by plaintiffs' counsel before trial and, if necessary, a deadline to depose JH if plaintiffs' counsel decides that he might testify."[28] On July 15, 2025, the Court entered a second Amended Scheduling Order (the "Amended Scheduling Order") setting a final pretrial conference for October 21, 2026 and an eight-day jury

[23] R. Doc. 134 at 2.
[24] R. Doc. 134 at 1.
[25] R. Doc. 134 at 1–2.
[26] R. Doc. 136; R. Doc. 136-1 at 1.
[27] R. Doc. 139 at ¶¶ 2, 4.
[28] R. Doc. 139 at ¶¶ 3–5.

trial beginning November 2, 2026.[29] The Amended Scheduling Order did not reset the deadline for dispositive motions, which had lapsed on September 13, 2023.[30]

On June 17, 2026, the Court granted in part and denied in part Lopinto's motion for partial summary judgment, dismissing with prejudice Plaintiffs' claims against Lopinto under the ADA, the Rehabilitation Act, and the Louisiana Constitution.[31] The Court denied the motion as to Plaintiffs' claim for negligent infliction of emotional distress, finding genuine issues of material fact as to the one element Lopinto had challenged, and it made "no determination as to the remaining elements" of that claim.[32] The Court also explained that Lopinto's contention that Plaintiffs had not asserted a claim for intentional infliction of emotional distress was "incorrect," and that the claim "remains as a triable issue in this action."[33]

The Court then held three status conferences regarding J.H.'s potential deposition testimony. On July 1, 2026, the Court ordered Plaintiffs to state whether they intended to call J.H. as a witness at trial.[34] On July 10, 2026, the Court directed the parties to confer regarding protections that might govern any deposition of J.H.[35] On July 27, 2026, after Plaintiffs advised they would call J.H., the Court granted Defendants' motion for reconsideration, stating that "[b]ecause Plaintiffs intend to call J.H. as a witness at trial, the Court will allow Defendants to depose J.H. in advance of trial."[36] The Court adopted safeguards for the deposition and ordered that the scope of the examination would "be governed by Federal Rule of Civil Procedure

---

[29] R. Doc. 137 at 1.
[30] R. Doc. 137 at 1.
[31] R. Doc. 144 at 14–15.
[32] R. Doc. 144 at 12–13.
[33] R. Doc. 144 at 14.
[34] R. Doc. 147 at 1.
[35] R. Doc. 149.
[36] R. Doc. 150 at 1.

26(b)(1)."[37] The order did not alter any deadline in the Amended Scheduling Order.[38] On September 9, 2026, the Court reset the deadline for motions in limine, but not the expired deadline for dispositive motions.[39] J.H. was deposed on September 24, 2026.[40]

On September 30, 2026, Lopinto sought leave to file the present motion.[41] On October 2, 2026, the Court granted leave to file, but it specifically left open the question of whether the motion is timely. It instead ordered that "any response by Plaintiffs to Defendant Lopinto's arguments regarding the timeliness of his motion under Rule 16(b)(4) shall be included in Plaintiff[s'] memorandum in opposition."[42] The same day, the School Board moved for leave to file its own motion for summary judgment. On October 14, 2026, the Court denied the School Board's motion, finding that it had not shown good cause to modify the Amended Scheduling Order.[43]

## II. THE PARTIES' ARGUMENTS

Lopinto moves for summary judgment on Plaintiffs' claim for intentional infliction of emotional distress, and he asks the Court, under Federal Rule of Civil Procedure 54(b), to reconsider its denial of summary judgment on Plaintiffs' claim for negligent infliction of emotional distress.[44] On timeliness, Lopinto acknowledges that "there is no question that the deadline for filing dispositive motions has passed."[45] He contends that the issues presented in his motion "became ripe days ago after the deposition of Plaintiff, J.H., was taken," that "[p]reviously, the Court had ordered that J.H.'s deposition not be taken," and that because Plaintiffs' remaining

---

[37] R. Doc. 150 at 1–3.
[38] R. Doc. 150 at 1–3.
[39] R. Doc. 158 at 1–2.
[40] R. Doc. 161 at 5.
[41] R. Doc. 161.
[42] R. Doc. 164 at 1.
[43] R. Doc. 202.
[44] R. Doc. 166; R. Doc. 166-2 at 4, 18.
[45] R. Doc. 161 at 1.

claims are "fact intensive" and expert testimony and medical records are no longer essential to prove a claim for negligent infliction of emotional distress under Louisiana law, "the testimony of J.H. was needed to defend the claim."[46] He asserts that J.H.'s testimony "should dispose of [Plaintiffs'] remaining claims," that granting his motion would not prejudice Plaintiffs or unduly inconvenience the Court, and that judicial economy favors resolving the claims before trial.[47]

On the merits, Lopinto contends that the deputies' conduct was not extreme and outrageous, that there is no evidence that J.H. suffered severe emotional distress or that the deputies intended to cause it, and that Plaintiffs lack evidence of the elements of their claim for negligent infliction of emotional distress, including the applicable standard of care.[48]

Plaintiffs respond that the motion is untimely. They argue that every argument in Lopinto's current motion was available to him in August 2023, that Lopinto chose in 2023 to challenge a single element of a single claim, that Lopinto opposed Plaintiffs' 2025 request to reopen discovery and represented that Defendants did not need J.H.'s testimony, and that considering the motion now, weeks before trial, would prejudice them.[49] They further argue that Rule 54(b) does not permit Lopinto to raise new arguments on elements the Court did not decide, and that Lopinto identifies no error in the Court's prior ruling.[50] On the merits, Plaintiffs contend that Lopinto misstates J.H.'s deposition testimony and that genuine disputes of material fact remain on every element Lopinto challenges.[51]

In reply, Lopinto states that, during a telephone status conference in the summer of 2026, his counsel advised that the Sheriff might seek leave to file a dispositive motion on the remaining

---

[46] R. Doc. 161 at 3, 6.
[47] R. Doc. 161 at 6.
[48] R. Doc. 166-2 at 15–25.
[49] R. Doc. 198-3 at 4–11.
[50] R. Doc. 198-3 at 11–12.
[51] R. Doc. 198-3 at 12–25.

claims against him, depending on J.H.'s testimony. He further states that Plaintiffs' counsel, when asked by the Court, advised that Plaintiffs would oppose any further dispositive-motion practice because Defendants had opposed their motion to reopen discovery.[52] Lopinto also argues that the timing of his motion reflects no dilatory motive, that the delays in this case were not of his making, and that he filed his motion two days after it ripened.[53]

## III. LAW AND ANALYSIS

### A. Legal Standard

A scheduling order "may be modified only for good cause and with the judge's consent."[54] The Amended Scheduling Order likewise permits deadlines to be extended only "upon timely motion filed in compliance with Local Rules and upon a showing of good cause."[55] The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[56] The burden rests on the party seeking the modification.[57] The Court considers four factors: "(1) the explanation of the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice."[58] The same standard governs a request to file a dispositive motion after the deadline

---

[52] R. Doc. 216 at 5.
[53] R. Doc. 216 at 2.
[54] FED. R. CIV. P. 16(b)(4).
[55] R. Doc. 137 at 1.
[56] *Diodene v. Gusman*, No. 21-491, 2024 WL 1550369, at *2 (E.D. La. Mar. 20, 2024) (internal quotation marks and citation omitted); *accord Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).
[57] *See Squyres*, 782 F.3d at 237; *see also* R. Doc. 161 at 2 (applying the same standard).
[58] *Diodene*, 2024 WL 1550369, at *2 (citation omitted); *accord Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010); *Doe v. Adm'rs of Tulane Educ. Fund*, No. 23-1348, 2025 WL 1906682, at *1 (E.D. La. July 10, 2025); *Williams v. United States*, No. 22-3826, 2024 WL 2977927, at *1 (E.D. La. June 12, 2024); *see also S&W Enters.*, 315 F.3d at 536; R. Doc. 161 at 2 (applying the same factors).

has passed.[59] Resetting trial and pretrial dates does not revive deadlines that have already expired. Those deadlines may be extended only on a motion showing good cause.[60]

As the Court explained in denying the School Board's motion, a scheduling order "is not a mere formality," and district courts "must have the power to control their dockets by holding litigants to a schedule."[61] At the same time, summary judgment is an integral part of the Federal Rules, and Rule 16 contemplates that the Court may act before trial to "eliminat[e] frivolous claims or defenses."[62] A dispositive-motion deadline may therefore yield in a rare case, such as when the movant obtains information it could not have obtained before the deadline despite its diligence, when the motion presents a discrete legal question that can be decided without disrupting the trial date or prejudicing the opposing party, or when a party that timely sought summary judgment asks the Court to address a limited matter closely related to its timely motion.[63] The deadline does not yield, however, merely because a party, long after the deadline has passed, develops evidence it believes is helpful and that it could have pursued earlier.[64]

Rule 54(b) provides that an order adjudicating fewer than all the claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

---

[59] *See Williams*, 2024 WL 2977927, at *1 (applying these factors to a motion to reopen the dispositive-motion deadline). Because Lopinto sought relief after the deadline had expired, Federal Rule of Civil Procedure 6(b)(1)(B) arguably also requires him to show that he "failed to act because of excusable neglect." The Court need not decide whether Rule 6(b)(1)(B) applies in addition to Rule 16(b)(4), because the result would be the same. Under the excusable-neglect inquiry, the Court considers "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court has no reason to doubt Lopinto's good faith. But for the reasons explained herein, the scope of Lopinto's timely motion was within his control; the issues he now raises could have been raised in that motion; and permitting the motion now, weeks before trial, would prejudice Plaintiffs and further disrupt the proceedings. Lopinto has therefore not shown excusable neglect. *See* R. Doc. 202 at 8 n.53.

[60] R. Doc. 100 at 1–2; R. Doc. 134 at 1; *see also Doe*, 2025 WL 1906682, at *3 & n.13.

[61] R. Doc. 202 at 9; *see Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019) (district courts "must have the power to control their dockets by holding litigants to a schedule"); *see also Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

[62] FED. R. CIV. P. 16(c)(2)(A); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

[63] R. Doc. 202 at 9–10.

[64] R. Doc. 202 at 10.

liabilities."[65] Under that rule, the Court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[66] Whether to do so rests within the Court's discretion.

**B. Timeliness Under Rule 16(b)(4)**

Lopinto, unlike the School Board, met the dispositive-motion deadline by timely filing a motion for summary judgment. In *Enlow v. Tishomingo County*, the Fifth Circuit recognized that "[s]uccessive motions for summary judgment . . . are not always aberrational" and that whether to entertain one lies within the district court's discretion.[67] In *Enlow*, however, the plaintiffs had filed a fourth amended complaint asserting a new theory of recovery against the movant, considerable discovery had followed the first motion, and no party objected that the second motion was untimely.[68] Here, Plaintiffs object to the motion as untimely. The claims against Lopinto have not changed since he answered the operative complaint in 2022, and, apart from the single deposition the Court allowed for trial, discovery closed in August 2023. Lopinto did not ignore the deadline.[69] The question is whether he has shown good cause to raise, weeks before trial, issues his timely motion did not raise.

**1. The Explanation for the Delay**

This factor does not turn on whether J.H.'s deposition produced testimony Lopinto considers helpful. It turns on whether Lopinto could have raised these issues before the deadline

---

[65] FED. R. CIV. P. 54(b).
[66] *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) (internal quotation marks and citation omitted).
[67] *Enlow v. Tishomingo Cnty.*, 962 F.2d 501, 506–07 (5th Cir. 1992) (no timeliness objection raised; second motion followed discovery and amended pleadings).
[68] *Id.* at 505–07.
[69] Much of the time that has passed since the deadline is attributable to the pendency of Lopinto's timely motion. That time is not Lopinto's responsibility, and the Court does not weigh it against him. The good-cause inquiry here turns instead on the scope of the motion Lopinto timely filed, and on whether he could have raised in that motion the issues he raises now.

had he been diligent. His explanation is that the motion "became ripe" only after J.H. was deposed,[70] but the record shows otherwise.

Lopinto did not need J.H.'s testimony to test whether Plaintiffs could prove their claims. A party moving for summary judgment on a claim on which the nonmovant will bear the burden of proof at trial need not produce evidence negating that claim. It may instead satisfy its initial burden by pointing out the absence of evidence to support the nonmovant's case.[71] Lopinto did so when he filed his timely motion, without J.H.'s deposition. In fact, that motion succeeded in securing the dismissal of three of Plaintiffs' five claims against him.[72] Further, his reliance on Louisiana law governing claims for negligent infliction of emotional distress does not change the analysis. The Louisiana Supreme Court decided the case on which he relies, *Spencer v. Valero Refining Meraux, L.L.C.*, on January 27, 2023,[73] seven months before discovery closed and before Lopinto filed his timely motion.

Lopinto could also have deposed J.H. before the deadline. During the discovery period, he did not need the Court's leave to do so, and the record does not reflect that any Defendant sought to depose J.H. before the close of discovery.[74] Lopinto states that the Court "had ordered that J.H.'s deposition not be taken,"[75] but this is incorrect, and, indeed, the record reflects no such order. Discovery had closed in August 2023, and the June 16, 2025 Order left J.H.'s testimony to be addressed at trial without addressing any request by Defendants to depose him.[76]

---

[70] R. Doc. 161 at 3.
[71] *See Celotex*, 477 U.S. at 323, 325.
[72] *See* R. Doc. 47; R. Doc. 144 at 14–15.
[73] *See Spencer v. Valero Refin. Meraux, L.L.C.*, 2022-00469 (La. 1/27/23), 356 So. 3d 936, 950 ("Evidence of medical treatment is not required, nor is expert medical testimony . . ..").
[74] *See* R. Doc. 202 at 11–12.
[75] R. Doc. 161 at 3.
[76] *See* R. Doc. 134 at 1–2; R. Doc. 202 at 14.

When Defendants did seek J.H.'s deposition in 2025, they made clear that they sought it to prepare for trial. They asked "only" that Plaintiffs disclose whether they would call J.H. and that Defendants be allowed to depose him "if they do so intend."[77] They stated that they wanted "to depose JH if, and only if, Plaintiffs desire to call him to testify at trial," that "if the plaintiffs' counsel does not want JH to testify, Defendants are fine with that," that they were "by no means seeking a full reopening of discovery," and that "[a]ll the Defendants want is a timely decision by plaintiffs' counsel before trial and, if necessary, a deadline to depose JH."[78] The Court permitted J.H.'s deposition on that understanding, "as an isolated exception in a closed discovery period, so that Defendants would be prepared to cross-examine him at trial," and it looked to Rule 26(b)(1) only to define the scope of that single deposition, not to reopen discovery or dispositive-motion practice.[79] The Court does not treat Defendants' statements as a basis for estoppel. It notes only that Lopinto joined the July 2025 motion seeking the deposition a month after the Court ordered that "[a]ll lapsed deadlines remain lapsed," and that he did not ask the Court to permit dispositive motions after any deposition of J.H.[80]

The motion for leave does not explain why Lopinto's timely motion did not address Plaintiffs' claim for intentional infliction of emotional distress or the remaining elements of their claim for negligent infliction of emotional distress. As to the latter, he chose to challenge one of six elements.[81] As to the former, his 2023 briefing reflects an incorrect belief that no such claim had been asserted against him.[82] To the extent that belief explains the omission, it would not establish good cause. The claim is squarely asserted "Against All Defendants" and alleges that

---

[77] R. Doc. 136-1 at 1.
[78] R. Doc. 139 at ¶¶ 2–5.
[79] R. Doc. 202 at 12; *see* R. Doc. 150 at 1, 3.
[80] R. Doc. 134 at 1; R. Doc. 136.
[81] R. Doc. 144 at 12–13; R. Doc. 47-1 at 19.
[82] R. Doc. 47-1 at 17; *see* R. Doc. 144 at 14.

"Defendants are vicariously liable for the actions of their employees."[83] Lopinto also answered each of its paragraphs on the merits in September 2022, rather than responding that the count was not directed at him.[84] The scope of his timely motion was at all times within his control.

Further, the Court's June 17, 2026 ruling resolved any doubt about whether that claim was asserted against Lopinto. A motion on the claim did not depend on J.H.'s testimony, because Lopinto could have pointed to the absence of evidence on it, as he did on other claims in 2023. Lopinto did not move for leave to file a new motion after that ruling. Rather, in his reply, he states that, at a telephone status conference in the summer of 2026, his counsel advised that the Sheriff might seek leave to file a dispositive motion depending on J.H.'s testimony.[85] The Court does not question that account. Nevertheless, statements by counsel are not motions, and the Amended Scheduling Order permits its deadlines to be extended only "upon timely motion filed in compliance with Local Rules and upon a showing of good cause."[86] The statement also tied any motion to J.H.'s testimony, which a motion on Plaintiffs' claim for intentional infliction of emotional distress did not require. Lopinto did not seek leave on September 9, 2026, when the Court reset the deadline for motions in limine and no other deadline.[87] He sought leave only after the deposition, and his motion for leave rests on the deposition alone.[88]

The Court credits Lopinto's good faith, and nothing in the record suggests that he acted with a dilatory motive. As noted above, the Court does not weigh against him the time his timely motion was pending, and the Court recognizes he acted promptly once J.H. was deposed, seeking

[83] R. Doc. 22 at 22 & ¶ 194.
[84] R. Doc. 28 at 28.
[85] R. Doc. 216 at 5.
[86] R. Doc. 137 at 1.
[87] R. Doc. 158 at 1–2.
[88] *See* R. Doc. 161 at 3–6.

leave six days after the deposition and two days after receiving the transcript.[89] The good-cause standard does not ask whether a party acted with a dilatory motive, however. It asks whether the deadline could not reasonably have been met despite the diligence of the party seeking relief.[90] As the Court has explained, "[t]he relevant diligence is diligence in meeting the deadline, not diligence in seeking relief long after the deadline has passed."[91] The issues Lopinto now raises were available to him before the deadline, and his motion did not ripen with J.H.'s deposition. This factor weighs heavily against modifying the scheduling order.

**2. The Importance of the Relief Sought**

Lopinto's motion is important to him. If he is correct that Plaintiffs cannot prove their remaining claims against him, resolving those claims before trial would spare him, and the Court, the burden of trying them. The Court recognizes that interest, but the importance of the relief sought "cannot singularly override the enforcement of local rules and scheduling orders."[92] The importance of this motion is also limited by the circumstances of this case. Plaintiffs' claims against the School Board, which arise from the same incident and will involve many of the same witnesses, will be tried regardless of how Lopinto's motion is resolved. Lopinto also retains a remedy at trial. If Plaintiffs' evidence fails to support their claims against him, he may move for judgment as a matter of law once Plaintiffs have been fully heard.[93] The importance factor weighs in Lopinto's favor, but it does not outweigh the others.

---

[89] R. Doc. 161 at 3, 5.
[90] *S&W Enters.*, 315 F.3d at 535.
[91] R. Doc. 202 at 15.
[92] *Geiserman*, 893 F.2d at 792.
[93] FED. R. CIV. P. 50(a)(1); *see Carter ex rel. Carter v. City of Shreveport*, 144 F.4th 809, 812–13, 816 (5th Cir. 2025) (affirming judgment as a matter of law under Rule 50 entered after a jury trial).

**3. Prejudice to Plaintiffs**

The prejudice to Plaintiffs is narrower than it would be for a motion seeking to test, for the first time, every claim against a party that never moved. Lopinto's motion addresses two claims, and it has been fully briefed. The prejudice is nonetheless real.

First, in June 2025, over Lopinto's opposition, the Court denied Plaintiffs' request to reopen discovery, explaining that "to reopen discovery in this case would unfairly prejudice the defendants."[94] The discovery Plaintiffs sought included the Sheriff's policies and training materials and expert testimony.[95] Lopinto now contends that Plaintiffs lack evidence of the applicable standard of care.[96] Lopinto successfully opposed the discovery Plaintiffs sought, and Plaintiffs remain bound by the lapsed discovery deadline. Permitting Lopinto now to seek judgment on that ground would not treat the parties even-handedly. J.H.'s deposition occurred only because Plaintiffs, who initially sought to preclude J.H. from testifying, later advised that they would call him at trial. Again, Lopinto states that, at the summer 2026 status conference, Plaintiffs' counsel advised that Plaintiffs would oppose any further dispositive-motion practice because Defendants had opposed their motion to reopen discovery.[97] That objection rests on the same ground the Court has identified, and Lopinto's account of the conference therefore does not change this analysis.

Second, the timing imposes a significant burden. Plaintiffs were required to brief the motion while preparing the pretrial order and the parties' motions in limine, and while also preparing a minor witness with disabilities for trial.[98] Requiring Plaintiffs to defend, weeks before

---

[94] R. Doc. 134 at 2; *see* R. Doc. 124.
[95] R. Doc. 119-2.
[96] R. Doc. 166-2 at 19–22.
[97] R. Doc. 216 at 5.
[98] *See* R. Doc. 164 at 1; R. Doc. 137 at 1; R. Doc. 158 at 1–2.

trial, claims the Court has already held remain triable is the burden Rule 16's deadlines are designed to prevent. That the motion has now been briefed does not cure the first, more fundamental, form of prejudice.

This factor weighs against modifying the scheduling order.

**4. Availability of a Continuance**

A continuance could give the parties additional time, but it would not cure the prejudice described above, and it would come at substantial cost. A continuance "does not cure the prejudice of additional expense and work" a party would incur in responding to what amounts to a second "bite at the apple."[99] Nor would it "deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."[100] The events giving rise to this lawsuit occurred more than five years ago, and trial has already been reset three times.[101] No party has asked for a continuance, and a continuance would undercut the principal justification Lopinto offers for his motion, which is to avoid the expense and delay of trial. This factor weighs against modifying the scheduling order.

**5. The Rare Cases in Which a Deadline May Yield**

Lopinto's motion does not fall within any of the circumstances in which the Court has recognized that an expired dispositive-motion deadline may yield. It does not rest on information Lopinto could not have obtained before the deadline because J.H. could have been deposed during discovery. It does not present a discrete legal question, as Lopinto himself describes Plaintiffs' remaining claims as "fact intensive."[102] Although Lopinto timely sought summary judgment, his

---

[99] *Diodene*, 2024 WL 1550369, at *3.
[100] *Geiserman*, 893 F.2d at 792.
[101] Trial was originally set to begin on April 17, 2023, and was later reset to October 30, 2023, then to October 21, 2024, and then to the current date of November 2, 2026. R. Doc. 31 at 5; R. Doc. 37 at 4; R. Doc. 85 at 1; R. Doc. 137 at 1.
[102] R. Doc. 161 at 6.

present motion also does not ask the Court to address "a limited matter closely related to [his] timely motion."[103] It seeks judgment on every claim that remains against him,[104] including a claim his timely motion did not address and elements of a claim his timely motion chose not to challenge.

The point is clearest as to intentional infliction of emotional distress. The category of circumstances the Court recognized in its ruling on the School Board's motion is meant for a party that timely moved and needs the Court to finish addressing what that motion put before it.[105] A motion on a claim the timely motion never addressed does not complete or supplement that motion. It is a new motion. Lopinto's reading of the complaint explains why he left the claim out in 2023, but, as explained above, the caption, the allegations of vicarious liability, and his own answer gave notice that the claim was asserted against him. The same is true of the five elements of negligent infliction that his timely motion did not challenge. What he presents here is a second, broader motion resting on a deposition the Court allowed only for trial preparation.

**6. Balancing the Factors**

The dispositive-motion deadline expired on September 13, 2023. Lopinto did not move for leave to file the present motion until September 30, 2026, a little over a month before trial. Considering the factors together, the Court finds that Lopinto has not shown good cause to modify the Amended Scheduling Order.[106] The Court recognizes that Lopinto's motion presents a closer question than the School Board's, because Lopinto timely moved for summary judgment. Even so, the issues he now raises could have been raised before the deadline. The explanation he offers

---

[103] R. Doc. 202 at 9–10.
[104] *See* R. Doc. 161 at 6 (contending that J.H.'s testimony "should dispose of [Plaintiffs'] remaining claims").
[105] *See* R. Doc. 202 at 9–10.
[106] *See Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470–71 (5th Cir. 2009) (affirming denial of leave to amend sought twenty-two months after the deadline, after the close of discovery, and six weeks before trial); *Squyres*, 782 F.3d at 239 (concluding that the district court did not abuse its discretion in finding that a motion "came too late in the litigation").

rests on a deposition Defendants sought, and the Court allowed, for trial. Considering the motion now, after Lopinto successfully opposed Plaintiffs' request for additional discovery, would prejudice Plaintiffs weeks before trial. Allowing the untimely motion to be heard now would also not treat the parties even-handedly. This is not the rare case in which an expired dispositive-motion deadline should yield.[107]

**C. Reconsideration Under Rule 54(b)**

Lopinto's request for reconsideration requires separate treatment, because Rule 54(b) permits the Court to revise an interlocutory order "at any time" before final judgment.[108]

The Court's June 17, 2026 ruling decided only the one element of Plaintiffs' claim for negligent infliction of emotional distress that Lopinto chose to challenge, and the Court expressly made "no determination as to the remaining elements."[109] To the extent Lopinto now challenges those remaining elements, his motion does not ask the Court to reconsider anything it decided. Rather, it is a new motion for summary judgment on elements he did not previously challenge, and it is untimely for the above-stated reasons. Rule 54(b) does not provide a means to avoid the good-cause requirement for arguments a party chose not to raise before the deadline.

As to the element the Court did decide, the question is one of discretion. Lopinto relies on J.H.'s deposition testimony, and the parties sharply dispute what that testimony shows.[110] Disputed

---

[107] The Court has, in an appropriate case, permitted a dispositive motion after the deadline. *See Williams*, 2024 WL 2977927, at *1 (permitting, in a case to be tried without a jury, a motion limited to identified issues that would assist the Court "as the trier of fact" to narrow the issues, where the information on which it rested was first disclosed in the parties' pretrial order and the motion was set for submission more than five months before a recently continued trial date). This case, by contrast, will be tried to a jury, and nothing in the record suggests that Plaintiffs withheld information Lopinto needed to raise these issues before the deadline. *See* R. Doc. 202 at 18 n.99.

[108] FED. R. CIV. P. 54(b).

[109] R. Doc. 144 at 13.

[110] *Compare* R. Doc. 166-1, *with* R. Doc. 198-3 at 12–16.

testimony of that kind is best weighed at trial, on a complete record and alongside the other evidence, and, if appropriate, through a motion for judgment as a matter of law.

Lopinto does not contend that the Court's ruling rested on an error of law or fact or that the governing law has changed. His request rests instead on new evidence in the form of J.H.'s deposition testimony. The Court's discretion under Rule 54(b) is broader than under Rule 59(e), and Lopinto need not make the showing Rule 59(e) requires.[111] In exercising that discretion, however, the Court may consider whether the evidence on which a party relies was available to it before the Court ruled.[112] J.H.'s testimony was available to Lopinto during discovery, which closed in August 2023, but Lopinto did not seek it. Even if the Court were to consider this testimony, the parties dispute what it shows, and testimony whose meaning is genuinely disputed cannot establish that there is no genuine dispute of material fact. For these reasons, the Court declines to exercise its discretion under Rule 54(b) to revisit its ruling on the eve of trial. The Court expresses no view on whether the evidence at trial will support Plaintiffs' claims.

## IV. CONCLUSION

This ruling is a procedural one. It does not address whether J.H.'s testimony undermines any of Plaintiffs' claims against Lopinto, and it does not prevent Lopinto from presenting that testimony at trial, using it on cross-examination, or moving for judgment as a matter of law once Plaintiffs have been fully heard.[113] For the foregoing reasons,

**IT IS ORDERED** that Lopinto's Motion for Summary Judgment and for Reconsideration (R. Doc. 166) is **DENIED**.

---

[111] *See Austin*, 864 F.3d at 336–37.
[112] *Cf. Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)) ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.").
[113] FED. R. CIV. P. 50(a)(1).

New Orleans, Louisiana, this 21st day of October 2026.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**